United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Charles Wooten, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-22595-Civ-Scola |
| United States of America, | ) |
| Defendant. | ) |

**Order Denying Motions for Reconsideration**

  Plaintiff Charles Wooten initiated this action, petitioning the Court for a writ of habeas corpus under 28 U.S.C. § 2255, in 2016. (ECF No. 1.) His case has proceeded in fits and starts since then, through multiple rounds of briefings, stays pending Eleventh Circuit and United States Supreme Court decisions, and supplemental filings. In the Court's most recent activity, it adopted the magistrate judge's report (Rep. & Rec., ECF No. 37), over Wooten's vigorous objections, recommending that his petition be denied (Order, ECF No. 40). Wooten asks the Court to reconsider that order, complaining that the Court erred in finding him properly convicted of carrying a firearm in relation to a crime of violence and drug-trafficking crime. (Pl.'s Mot., ECF No. 41.) The Government has not responded and the time to do so has long since passed. After reviewing the record, the briefing, and the relevant legal authorities, the Court finds no merit in Wooten's request for relief. The Court, therefore, **denies** his motion (**ECF No. 41**).

  "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine*, 808 F. Supp. at 1563. Certainly, if any of these situations

arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

In asking the Court to alter or amend its judgment, Wooten submits the Court must correct manifest errors of law or fact upon which the denial of his petition was based and to prevent manifest injustice. (Pl.'s Mot. at 3.) Throughout his motion for reconsideration, however, Wooten largely repeats arguments he has previously raised, often simply copying and pasting vast swaths of argument he has already presented for the Court's consideration. In short, Wooten improperly asks the Court to simply "rethink what the Court already thought through." *Z.K. Marine*, 808 F. Supp. at 1563.

On the other hand, Wooten also points to a handful of decisions that came out after the Court adopted the magistrate judge's report and recommendations. He fails, however, to explain why any of those opinions, published by both the Eleventh Circuit and the United States Supreme Court, would change the analysis or the outcome in this case. The Court adopted the magistrate judge's conclusion that "Wooten's drug trafficking and conspiracy offenses are inextricably intertwined." (Rep. & Rec. at 17.) As set forth in the report, "the jury could not have found Mr. Wooten guilty of a robbery conspiracy if they had not also found that he was attempting to engage in drug trafficking." (*Id.*) Accordingly, as adopted by the Court, Wooten has failed to meet his burden of showing that his 924(c) conviction was predicated on an offense—Hobbs Act conspiracy—that does not constitute a crime of violence. None of the cases Wooten now relies on change that analysis.

Accordingly, the Court **denies** Wooten's motion to alter or amend the judgment (**ECF No. 41**). This case is to remain **closed** and the Court **denies** all other pending motions, including Wooten's motion to stay (**ECF No 27**) **as moot**.

**Done and ordered**, in Miami, Florida, on January 31, 2023.

_____
Robert N. Scola, Jr.
United States District Judge